UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

Jaska Young,

                                        Plaintiff,

                    -v-

The City of New York, New York City Police
Department ("NYPD") Lieutenant Brunner,
NYPD Police Officer ("P.O.") Rauly Espinal, Captain
("Cpt.") Hugh Bogle, Sergeant ("Sgt.") Tarakur
Chowdhury, P.O. Jorge Perez, P.O. Kevin Flanagan
and P.O. John Doe (the name "John Doe" being fictitious,
as the true names and shield numbers are not presently
known), in their individual capacities,

                                        Defendants.

-------------------------------------------------------------------------x

**AMENDED COMPLAINT AND
DEMAND FOR A JURY TRIAL**

Index No.16-CV-3014(AMD)(VMS)

ECF Case

        Plaintiff Jaska Young, through her attorney David B. Rankin as and for her amended

complaint, does hereby state and allege:

## PRELIMINARY STATEMENT

1.  This is a civil rights action brought to vindicate plaintiff's rights under the First, Fourth, and

    Fourteenth Amendments of the Constitution of the United States, through the Civil Rights

    Act of 1871, *as amended*, codified as 42 U.S.C. § 1983.

2.  Plaintiff Jaska Young's rights were violated when officers of the New York City Police

    Department ("NYPD") unconstitutionally and without any legal basis assaulted her, arrested

    her and caused her to be prosecuted on a bogus charge. By reason of defendants' actions,

    including their unreasonable seizure, use of excessive force, and malicious prosecution, Ms.

    Young was deprived of her constitutional rights.

3.  Ms. Young also seeks an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the First, Fourth, and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that plaintiff's claim arose in the Eastern District of New York.

6. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

## PARTIES

7. Plaintiff Jaska Young is, and was at all times relevant to this action, a resident of the County of New York in the State of New York.

8. Defendant The City of New York ("City") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

9. Defendants NYPD Lieutenant ("Lt.") Kevin Brunner ("Brunner"), P.O. Rauly Espinal ("Espinal"), Captain ("Cpt.") Hugh Bogle ("Bogle"), Sergeant ("Sgt.") Tarakur Chowdhury ("Chowdhury"), P.O. Jorge Perez ("Perez"), P.O. Kevin Flanagan ("Flanagan"), and P.O. John Doe (the name "John Doe" being fictitious, as the true name and shield number are not presently known) (referred to collectively as the "officer-defendants") are and were at all times relevant herein, officers, employees and agents of the NYPD.

10. The true names and shield numbers of Defendants P.O. Doe is not currently known to the plaintiff. However, upon information and belief, they were employees or agent of the NYPD on August 31, 2013, the date of the incident described herein. Accordingly, P.O. Doe may be entitled to representation in this action by the New York City Law Department ("Law Department") upon their request, pursuant to General Municipal Law § 50-k. The Law Department, then, is hereby put on notice (a) that Ms. Young intends to name P.O. Doe as defendant in an amended pleading once the true name and shield number of P.O. Doe become known to Ms. Young and (b) that the Law Department should immediately begin preparing P.O. Doe's defense in this action.

11. The officer-defendants are being sued in their individual capacities.

12. At all times relevant herein, the officer-defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

13. The officer-defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of Ms. Young's rights.

14. At all relevant times, the officer-defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

## STATEMENT OF FACTS

15. In the early morning hours of August 31, 2013, Ms. Young was walking on Roosevelt Avenue near the intersection with 67th Street in the County of Queens and the State of New York.

16. Ms. Young was walking along the sidewalk when an unmarked NYPD vehicle pulled up next to her.

17. Defendant Lt. Brunner, and Defendant Cpt. Bogle exited their vehicle and questioned Ms. Young as she walked along the sidewalk.

18. Ms. Young was then tackled by, on information and belief, Defendant Cpt. Bogle.

19. Ms. Young fell to the ground.

20. Soon after, the additional NYPD officer defendants arrived and surrounded Ms. Young and used force against her along with Cpt. Bogle and Lt. Brunner.

21. While being transported in the van to an NYPD precinct house Ms. Young was subject to anti-homosexual slurs and other verbal harassment in regards to her transgender status.

22. While still in custody Ms. Young was taken to Elmhurst Hospital where she received treatment for her injuries.

23. Ms. Young was subsequently taken to central booking for Queens County, arraigned, and released on her own recognizance.

24. Ms. Young was charged with Possession of Burglar's Tools, P.L. §140.35; Resisting Arrest, P.L. § 205.30; Criminal Possession of a Weapon in the Fourth Degree, P.L. § 265.01-02; and Disorderly Conduct, P.L. § 240.20-2.

25. All of the charges against Ms. Young were dismissed.

## FIRST CLAIM
## DEPRIVATION OF RIGHTS

**UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983**
*(Against the Officer-Defendants)*

26. Ms. Young incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

27. The officer-defendants, under color of state law, subjected the Ms. Young to the foregoing acts and omissions, thereby depriving her of her rights, privileges and immunities secured by the First, Fourth and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights: (a) freedom from unreasonable seizure of her person, including false arrest and false imprisonment; (b) freedom from the use of excessive force; (c) freedom from having a police officer fabricate evidence against her; (d) freedom from malicious prosecution by police; (e) freedom from retaliatory arrest and retaliatory prosecution; and (f) right to equal protection under the law, against all officer-defendants.

28. The officer-defendants' deprivation of Ms. Young's constitutional rights resulted in the injuries and damages set forth above.

**SECOND CLAIM**
**DEPRIVATION OF RIGHTS**
**UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983**
*(Against The City of New York)*

29. Ms. Young incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

30. At all times material to this complaint, Defendant City had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

5

31. At all times material to this complaint, Defendant City failed to properly train, screen, supervise, or discipline its employees and police officers, including the individual defendants and failed to inform the individual defendant's supervisors of their need to train, screen, supervise or discipline the individual defendants.

32. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

33. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured..

///


///


## JURY DEMAND

34. Plaintiff demands a trial by jury in this action on each and every one of her damage claims.

WHEREFORE, Ms. Young demands judgment against the defendants individually and jointly and prays for relief as follows:

    a.      That she be compensated for violation of her constitutional rights, pain, suffering, mental anguish and humiliation; and

    b.      That she be awarded punitive damages against the officer-defendants; and

    c.      That she be compensated for attorneys' fees and the costs and disbursements of this action; and

d.  For such other further and different relief as to the Court may seem just and proper.

Dated:      August 16, 2016
            New York, New York

                                        Respectfully submitted,

                        By:  _____
                             David B. Rankin
                             Rankin & Taylor, PLLC
                             *Attorneys for the Plaintiff*
                             11 Park Place, Suite 914
                             New York, New York 10007
                             t: 212-226-4507
                             e: David@DRMTLaw.com

7